JOYCE KLAUZINSKI,        )
                                  )
              Plaintiff,     )
                                  )
                v.          )     CIVIL ACTION No.
                                  )     14-10467-NMG
JESSE FUKUDA, et al.,    )
                                  )
              Defendants.    )

## MEMORANDUM AND ORDER

**GORTON, J.**

For the reasons set forth below, the Court allows the Motion for Leave to Proceed in forma pauperis, denies the motion to appoint counsel and denies without prejudice the motion to transfer. Plaintiff shall show cause why this action should not be dismissed, or she shall file an Amended Complaint which cures the pleading deficiencies noted below.

### A. Background

Plaintiff Joyce Klauzinski, a resident of Winchendon with a mailing address in West Townsend, filed her self-prepared complaint accompanied by an Application to Proceed Without Prepayment of Fees and a Motion for Appointment of Counsel. See Docket. She subsequently filed Motion to Transfer Case to the Worcester Division. See Docket No. 6.

Klauzinski's complaint consists of three handwritten pages. See Docket No. 1. She brings suit on the basis of diversity jurisdiction against Jamison Van Dyke and Jesse Fukuda, formerly of dissolved Bonita Construction Inc. LLC. Both defendants are alleged to reside in New Hampshire.

As best can be gleaned from the complaint, defendant Fukuda installed two separate water treatment systems in plaintiff's basement by two different plumbers. Plaintiff asked defendant Fukuda to produce a letter from each plumber to show that the devices were working correctly. However, plaintiff alleges that the water treatment system was defective and that defendant Fukuda failed to provide the requested letters.

Plaintiff alleges that the defendants entered onto plaintiff's property without her permission on November 8th and refused to leave when ordered to do so by plaintiff. Apparently the police were contacted and defendants were advised to proceed at their own risk.

Plaintiff complains that her property was vandalized and that the water/sewer lines were commingled on the property at 14 Hale Street, then owned by defendant Jamison Van Dyke. He is alleged to have invaded plaintiff's property instead of making separate connections to Hale Street for the house built at 14 Hale Street.

No relief is sought in the complaint, which closes with the statement "No trial by trial." However, the civil cover sheet accompanying states that plaintiff's demand is the complaint is for $70,000. See Docket No. 1-1.

**B.   The Motion for Leave to Proceed In Forma Pauperis**

In her Application to Proceed Without Prepayment of Fees, plaintiff states that she receives disability and social security benefits. She owns a 2010 Nissan Rogue and owns a home with a

mortgage.  She has twenty-five dollars in the bank.  Based upon these financial disclosures, plaintiff's Application to Proceed Without Prepayment of Fees is granted.

## C.    Screening of the Complaint

Section 1915 of title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).  Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(I).  A claim "is frivolous where it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In connection with the preliminary screening, pro se pleadings are construed generously. Haines v. Kerner, 404 U.S. 519, 520 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004); see also Strahan v. Coxe, 127 F.3d 155, 158 n. 1 (1st Cir. 1997) (noting obligation to construe pro se pleadings liberally) (citing Haines v. Kerner, 404 U.S. at 520).  However, even under a liberal construction, this action is subject to dismissal for the reasons discussed below.

## D.    Subject Matter Jurisdiction

In order to bring a claim in federal court, there must either be a question of federal law, 28 U.S.C. § 1331, or diversity of citizenship between plaintiffs and defendants, 28 U.S.C. § 1332. See Rodriquez v. SK & F Co., 833 F.2d 8 (1st Cir. 1987) (per curiam).  Diversity jurisdiction also requires that

the amount in controversy exceed $75,000.  28 U.S.C. § 1332(a).

The complaint fails to present a viable federal question upon which relief can be granted.  Additionally, the Court has no reason to believe that diversity subject matter jurisdiction exists because Plaintiff has not satisfied the amount in controversy requirement.  In the civil cover sheet, Plaintiff demands $70,000, an amount that does not exceed the jurisdictional amount of $75,000.  Thus, the amount-in-controversy requirement has not been satisfied.

Plaintiff bears the burden to establish that the minimum amount in controversy has been met.  <u>Abdel-Aleem v. OPK Biotech LLC</u>, 665 F.3d 38, 41 (1st Cir. 2012); <u>Spielman v. Genzyme Corp.</u>, 251 F.3d 1, 4 (1st Cir. 2001) ("as the party seeking to invoke jurisdiction, Spielman has the burden of showing that he has met the statutory requirements").  Plaintiff fails to meet this burden and the Court lacks subject matter jurisdiction over this action.

Because "[d]efective allegations of jurisdiction may be amended," 28 U.S.C. § 1653, the Court will allow Plaintiff to show cause why her action should not be dismissed for lack of subject matter jurisdiction.

### E.    The Motion for Appointment of Counsel

Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); however, a civil plaintiff lacks a constitutional right to free counsel.  <u>DesRosiers v. Moran</u>, 949

F.2d 15, 23 (1st Cir. 1991).  Because the court does not have subject matter jurisdiction over this action, the motion for counsel is denied.

**F.  Order to File a Response and/or an Amended Complaint**

In light of the above, this action shall be dismissed within thirty-five (35) days from the date of this Memorandum and Order unless Plaintiff files a show cause response and/or an Amended Complaint.  Failure to comply with these directives or to provide a sufficient show cause response or Amended Complaint will result in dismissal of this action.

Accordingly, it is hereby ORDERED that:

(1)  Plaintiff's Motion for Leave to Proceed in forma pauperis (Docket No. 3) is <u>ALLOWED</u>.

(2)  Plaintiff's Motion for Appointment of Counsel (Docket No. 4) is <u>DENIED</u>.

(3)  Plaintiff's Motion for Transfer to Worcester Division (Docket No. 6) is <u>DENIED WITHOUT PREJUDICE</u>.

(4)  Plaintiff shall, within 35 days of the date of this Memorandum and Order, show cause why this action should not be dismissed for lack of subject matter jurisdiction, or she shall file an Amended Complaint which cures the pleading deficiencies.

(5)  No summonses shall issue pending further Order of the Court.

**So ordered.**

                                    /s/ Nathaniel M. Gorton
                                    Nathaniel M. Gorton
                                    United States District Judge
Dated April 11, 2014