```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

**JOYCE KLAUZINSKI,**            )
                                 )
         **Plaintiff,**          )
                                 )
            v.                   )     **CIVIL ACTION No.**
                                 )     **14-10467-NMG**
**JESSE FUKUDA, et al.,**        )
                                 )
         **Defendants.**         )

## MEMORANDUM AND ORDER

**GORTON, J.**

By Order dated April 11, 2014, plaintiff Joyce Klauzinski was permitted to proceed in forma pauperis and was directed to show cause why this action should not be dismissed or file an amended complaint curing the pleading deficiencies of the original complaint. The April 11, 2014 Memorandum and Order stated that the complaint failed to present a viable federal question upon which relief can be granted and that there was no reason to believe that diversity subject matter jurisdiction exists because plaintiff had not satisfied the amount in controversy requirement.

On May 7, 2014, plaintiff filed a ten-page handwritten document (the "Show Cause Reply") titled "Amended Complaint/Fulfilment of Jurisdiction Order Dated 4/11/14 to cure Deficiencies." See Docket No. 10. In her Show Cause Reply, plaintiff asserts diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332. She alleges a compensable loss in excess of $75,000. It is apparent that plaintiff made an effort to comply with the directives contained in the Memorandum and Order.

However, the Court will not direct service of the Show Cause Reply/Amended Complaint on the two defendants because it fails to comply with the pleading requirements of the Federal Rules of Civil Procedure.

If the plaintiff wishes to pursue this action, she must file a second amended complaint that comports with the pleading requirements of the Federal Rules of Civil Procedure. As an amended complaint completely supercedes the original complaint, see Ramallo Bros. Printing, Inc. v. El Dia, Inc., 490 F.3d 86, 88 n. 2 (1st Cir. 2007), the plaintiff should repeat in the second amended complaint any allegations in the original and amended complaints underlying the claims in the second amended complaint.

The second amended complaint must clearly identify, in the case caption and body of the complaint, the identity of the defendants. See Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties ...."). The body of the amended complaint must also be in numbered paragraphs, with each paragraph "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). It is often appropriate for a single paragraph to be limited to a few sentences, or even one sentence.

Rule 8(a) governs the substance of a complaint and requires a plaintiff to include in the complaint, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "'give the defendant fair notice of what the . . . claim is

and the grounds upon which it rests,'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); see Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005). It must afford the defendant(s) a "[']meaningful opportunity to mount a defense,'" Díaz-Rivera v. Rivera-Rodríguez, 377 F.3d 119, 123 (1st Cir. 2004) (quoting Rodríguez v. Doral Mortgage Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)).

Here, without detailing each and every pleading deficiency in the Show Cause Reply/Amended Complaint, the Court finds that it lacks the information necessary to set forth a cognizable claim as to each defendant separately. Plaintiff fails to set forth the dates of each alleged wrongdoing and the alleged wrongdoer. Her generic allegations are not sufficient to meet the Rule 8 pleading standards. Notwithstanding that plaintiff is proceeding pro se and lacks legal skills, and notwithstanding her asserted medical problems, the burden remains on her to set forth her claims in a manner that would permit each defendant to file a meaningful response. It would be immensely unfair to the defendants to have to peruse the amended complaint as pled and to attempt to cull out her specific claims in order to file a response. As the United States Supreme Court has stated, under Rule 8, a plaintiff must plead more than a mere allegation that the defendants have harmed her. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (detailed factual allegations are not required under Rule 8, but a complaint "demands more than an unadorned,

the defendant-unlawfully-harmed-me accusation." quoting *Twombly*, 550 U.S. at 555).

If the plaintiff files a second amended complaint, the Court will review the second amended complaint (without reference to any allegations in previously-filed complaints and documents) and determine whether the plaintiff sets forth a claim upon which relief may be granted. Summons will not issue until this review is complete.

Accordingly, it is hereby ORDERED that:

(1) Plaintiff shall, within 35 days of the date of this Memorandum and Order, file a second amended complaint.

(2) No summonses shall issue pending further Order of the Court. Failure to comply with this order will subject this action to dismissal.

**So ordered.**

                                  /s/ Nathaniel M. Gorton
                                  Nathaniel M. Gorton
                                  United States District Judge

Dated May 19, 2014