```
                   United States District Court
                     District of Massachusetts
 _____
                            )
JOYCE KLAUZINSKI,           )
                            )
        Plaintiff,          )
                            )
        v.                  )   Civil Action No.
                            )   14-10467-NMG
JESSE FUKUDA and            )
JAMISON VAN DYKE,           )
                            )
        Defendants.         )
 _____)
```

## MEMORANDUM & ORDER

**GORTON, J.**

This case arises from plaintiff's allegations that two contractors entered on to her residential property and altered the water and sewer systems without authorization.

Pending before the Court are defendants' separate motions to dismiss the third amended complaint. For the reasons that follow, both motions will be allowed.

## I. Background

### A. Defendants' alleged conduct

The Court accepts as true the following allegations by plaintiff Joyce Klauzinski ("Klauzinski") for the purpose of resolving the motions to dismiss.

Defendants Jesse Fukuda ("Fukuda") and Jamison Van Dyke ("Van Dyke") are building contractors who own, develop and sell

-1-

properties together.  One such joint venture involved a residential property at 16 Hale Street in Winchendon, Massachusetts ("the property").  At some point, Van Dyke sold the property to Fukuda who, in turn, sold it to plaintiff for $197,000.  Plaintiff utilized federal subsidies provided by the United States Department of Agriculture ("USDA") to purchase the property.[1]

Defendants thereafter obtained a variance from the Town of Winchendon to bring certain buildings that they owned adjacent to the property into compliance with building codes.

On November 8, 2008, plaintiff arrived at her home only to find defendants on her property without permission.  She ordered them to leave but they refused.  She called the police and an "Officer Spofford" responded and later informed defendants that they would "proceed at their own risk."

Despite plaintiff's protests, defendants, using construction equipment, made alterations to the water and sewer systems on the property which caused serious flooding in her basement.  To add insult to injury, Van Dyke subsequently urinated beneath her bedroom window.  Plaintiff was thereafter subjected to "frightening, grizzly and threatening behaviors"

---

[1] At an earlier hearing, plaintiff referred to "a contract" under which defendants became obligated not to alter plaintiff's water and sewer lines without her permission but no such contract is claimed or referred to in the operative complaint.

and to obscene phone calls from unidentified individuals during the following month.

Plaintiff called the police again to report the urination, and Van Dyke was charged with a misdemeanor.

Both defendants came on to plaintiff's property a few days later with heavy equipment, including a bulldozer and a dump truck, and rang the doorbell on her front porch.  Plaintiff called the police yet again but Officer Spofford "refused to expel[] the men from [her] property."

**B.   Procedural history**

In February, 2014, more than five years after the incidents, plaintiff filed a complaint against defendants in this Court.  That complaint did not properly set forth a jurisdictional basis for the action.  The Court directed plaintiff to file an amended complaint to cure the pleading defects or to show cause why the case should not be dismissed for lack of subject matter jurisdiction.  Plaintiff filed a first amended complaint in May, 2014 which was subsequently found not to state cognizable claims against either defendant. Plaintiff filed a second amended complaint in June, 2014 after which the Court issued summonses for service of process upon defendants.

No intervening action having been taken, the Court held a conference in September, 2015 and heard oral argument from the

parties regarding the sufficiency of the second amended complaint.  The Court found that the complaint still contained pleading deficiencies but allowed plaintiff one final opportunity to cure the defects with specific instructions 1) to address the jurisdictional basis, 2) to set forth damages in excess of $75,000, in the event that she claimed diversity jurisdiction and 3) to identify each defendant and describe how that defendant was purportedly liable to plaintiff.  The Court admonished plaintiff that this would be her last opportunity to amend the complaint and that her claims should be clearly and succinctly stated.

In October, 2015, plaintiff submitted a third amended complaint and an envelope containing what she purports to be relevant, color photographs.  That complaint attempts to assert 1) both federal question and diversity jurisdiction, 2) a breach of contract claim and 3) various tort claims.  Defendants Fukuda and Van Dyke filed separate motions to dismiss the third amended complaint.

## II. **Motions to dismiss**

### A. **Legal standard**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Exhibits attached to the

complaint are properly considered "part of the pleading for all purposes." Fed. R. Civ. P. 10(c).  In considering the merits of a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Santiago v. Puerto Rico, 655 F.3d 61, 72 (1st Cir. 2011).  Threadbare recitals of the legal elements, supported by mere conclusory statements, do not suffice to state a cause of action. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A complaint does not state a claim for relief where the well-pled facts fail to warrant an inference of any more than the mere possibility of misconduct. Id. at 679.

    **B.**    **Subject Matter Jurisdiction**

Both defendants ask the Court to dismiss the third amended complaint for lack of subject matter jurisdiction.

Plaintiff identifies claims only in contract and tort in the third amended complaint but does not assert a federal cause of action against defendants.  The fact that plaintiff may have been entitled to federal subsidies or funds to purchase the property does not overcome that deficiency.  A mere reference in passing to the federal Americans with Disabilities Act does not, by itself, state a federal cause of action.  The Court thus lacks federal question jurisdiction over the case.

Diversity jurisdiction, on the other hand, requires that the case arise between "citizens of different states" and

involve an amount in controversy that exceeds $75,000. 28 U.S.C. § 1332(a). The amount in controversy claimed by the plaintiff controls if it was "apparently made in good faith." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938). If the opposing party questions the plaintiff's assertion of damages, then the plaintiff bears the burden of

> alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount.

Spielman v. Genzyme Corp., 251 F.3d 1, 5 (1st Cir. 2001). Subsequent events that affect the amount in controversy do not undermine diversity jurisdiction. Coventry Sewage Assocs. v. Dworkin Realty Co., 71 F.3d 1, 6 (1st Cir. 1995). Revelations about the amount that plaintiffs expected in good faith to recover at the time the complaint was filed are, however, relevant. Id.

Plaintiff is a resident of Massachusetts and submits that defendants are residents of New Hampshire. Defendants do not deny that there is complete diversity between the parties but dispute that plaintiff has alleged damages in excess of $75,000 in good faith.

Plaintiff has, however, met her burden of alleging particular facts sufficient to establish the jurisdictional amount. The source and amount of alleged damages that she lists in the third amended complaint include: 1) $5,000 to $6,000 in

outstanding legal fees to Attorney Laurel Bretta in connection with defendants' alleged trespass, 2) $19,600 for removal of the deck and stairs that defendants improperly installed on her property when they built her house, 3) $7,000 for repair of the defective water treatment system that defendants installed, 4) $3,000 for repair of the stairs that defendants damaged when they brought heavy machinery on to the property, 5) $10,000 for loss of personal property due to defendants' plumbing work, 6) $3,000 for the resulting increase in insurance premiums, 7) $5,000 for the resulting increase in water and sewer payments to the Town of Winchendon, 8) $7,000 for new water filters and 9) $25,000 for the repair and restoration of the water and sewer system to its original configuration by a licensed plumber with the proper permits.  Those damages collectively exceed $75,000. Plaintiff has thus satisfied the amount in controversy requirement.

Accordingly, the Court finds that it possesses diversity jurisdiction over the action.  Defendants' motions to dismiss will be denied to the extent that they contend otherwise.

**C.    Tort claims**

Both defendants seek the dismissal of plaintiff's tort claims as barred by the statute of limitations.

A federal court sitting in diversity applies the substantive law of the forum state. Servicios Comerciales

Andinos, S.A. v. Gen. Elec. Del Caribe. Inc., 145 F.3d 463, 478 (1st Cir. 1998)(citing Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938)).  Because the instant case is

> a diversity case featuring an array of tort claims rooted in local law, we look to the law of the forum . . . for the applicable statute of limitations.

Morel v. DaimlerChrysler AG, 565 F.3d 20, 23 (1st Cir. 2009). Massachusetts law provides that a plaintiff must commence her tort action within three years after the cause of action accrues. M.G.L. ch. 260, § 2A.

All of the tort violations claimed in the instant case arise from conduct that occurred in November, 2008.  Plaintiff commenced the action when she filed her first complaint against defendants in February, 2014.  Accordingly, her tort claims against Fukuda and Van Dyke are barred by the three-year statute of limitations and will be dismissed.

   **D.   Contract claims**

Both defendants move to dismiss the contract claims on the grounds that they 1) are barred by the statute of limitations and 2) fail to state a claim because they do not identify a contract between plaintiff and either defendant.

Massachusetts law provides that a plaintiff must commence her contract action within six years after the cause of action accrues. M.G.L. ch. 260, § 2.  A plaintiff who seeks damages pursuant to a breach of contract claim must demonstrate 1) the

existence of a contract, 2) her performance or willingness to perform under the contract, 3) a breach by the defendant and 4) causation and an amount of damages. Amicas, Inc. v. GMG Health Sys., Ltd., 676 F.3d 227, 231 (1st Cir. 2012).

Here, plaintiff fails even to allege the existence of a contract. The third amended complaint contains no factual assertions that she entered into a contract with either defendant. The fact that plaintiff may have raised such assertions in earlier iterations of the complaint or at a hearing that addressed the sufficiency of a superceded complaint is irrelevant. The Court will thus dismiss the contract claims against Fukuda and Van Dyke for failure to state a claim upon which relief can be granted.

### ORDER

For the foregoing reasons, defendant Fukuda's motion to dismiss (Docket No. 37) is **ALLOWED** and defendant Van Dyke's motion to dismiss (Docket No. 38) is **ALLOWED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated December 2, 2015